IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOSHUA D. CARSON                                                                                    PLAINTIFF

v.                                  Civil No. 3:24-cv-03014-TLB-MEF

SHERIFF JOHN MONTGOMERY,
Baxter County, Arkansas;
OFFICER ALENA BROWN (Badge #47);
NURSE SHERRY; and
LIEUTENANT DENICE LEE                                                                        DEFENDANTS

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

This is a civil rights action filed by Joshua D. Carson ("Carson") pursuant to 42 U.S.C. § 1983.  Carson proceeds *pro se* and *in forma pauperis*.  He maintains his constitutional rights were violated when he was denied adequate medical care while detained at the Baxter County Detention Center ("BCDC").

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

**I.      BACKGROUND**

Carson filed this case on February 21, 2024.  (ECF No. 1).  Because of deficiencies in his original complaint, Carson was ordered to file an Amended Complaint.  (ECF No. 3).  Carson filed

1

his Amended Complaint on March 7, 2024. (ECF No. 6). It is this Amended Complaint that is before the Court for screening.

Carson lists the dates of occurrences as between December 11, 2023, and January 9, 2024. (ECF No. 6 at 6). Carson was in convicted status during his incarceration in the BCDC. *Id.* at 2.

In Claim One, Carson says that on December 17, 2023, he suffered numerous seizures, vomited, defecated on himself, and was denied medical attention by Defendant Brown. (ECF No. 6 at 4-5). Defendant Brown believed he was faking the seizures. *Id.* at 4. Carson indicates he was denied a shower for eight hours and forced to lay in his vomit and waste. *Id.* At the time, Carson indicates he was being held in an isolation cell. *Id.* at 5.

In Claim Two, Carson alleges he was denied medical attention from a transport officer and staff when they denied him the opportunity to travel to the medical center and the opportunity to visit his neurologist at another hospital. (ECF No. 6 at 6).

For relief, Carson seeks compensatory and punitive damages. (ECF No. 6 at 9). He also asks that Defendants be given proper training on how to handle inmates with seizures. *Id.*

## II.    LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re*

*Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

As mentioned above, an Order was entered directing Carson to file an Amended Complaint because of deficiencies in his original Complaint. (ECF No. 3). He was advised that liability under § 1983 was personal; that is, an employee is liable only for his or her own acts of misconduct. *Id.* Carson was advised that he must describe the actions taken by each Defendant. *Id.*

The Order explained in detail that the Amended Complaint must contain short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the

name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and, (5) what specific injury Plaintiff suffered because of that Defendant's conduct. (ECF No. 3). Carson was advised he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. *Id.* Carson was also advised that failure to do so would result in the dismissal of the allegations for failure to state a claim. *Id.*

In his Amended Complaint, Carson fails to describe any actions taken by Defendants Montgomery, Sherry, and Lee. (ECF No. 6). Liability under § 1983 requires personal involvement in the constitutional violations. *Ashcroft v. Iqbal*, 566 U.S. 662, 676 (2009) (a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights"). Carson has stated no plausible claim against Defendants Montgomery, Sherry, and Lee.

In Claim Two, Carson mentions an unidentified transport officer and "staff" denying him access to medical care. He has not, however, listed a John Doe Transport Officer as a Defendant, and he has been advised that he cannot simply name all jail staff as Defendants. Instead, he must allege how each individual defendant violated his federal constitutional rights. Nor has he indicated that anyone at the facility ordered his transport. In short, he has not alleged a plausible claim. If Carson desires to add as a Defendant the individual who denied him transport for needed medical care, he may file a motion to amend his complaint.

## IV.   CONCLUSION

For the reasons stated above, I recommend the claims against Defendants Montgomery, Sherry and Lee be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b).

By separate order the Amended Complaint will be served on Defendant Brown.

**Status of Referral:** This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**RECOMMENDED** this 4th day of April 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE