IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOSHUA D. CARSON                                                                                                PLAINTIFF

v.                       Civil No. 3:24-cv-03014-TLB-MEF

OFFICER ALENA BROWN                                                            DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is Defendant's Motion to Dismiss (ECF No. 45), as well as her Brief in Support (ECF No. 46).  For the reasons given below, the undersigned recommends that her Motion be GRANTED.

      **I.**      **DISCUSSION**

      On September 11, 2025, Defendant Brown filed a Motion to Compel (ECF No. 41), stating that Plaintiff had failed to respond to her discovery requests, and asking this Court to order him to respond.  Plaintiff never filed any response to her Motion, and on October 22, 2025, this Court granted that Motion and ordered Plaintiff to provide responses to Defendant's discovery requests by November 10, 2025.  (ECF No. 44).  On November 12, Defendant filed a Motion to Dismiss (ECF No. 45), informing the Court that Plaintiff had failed to meet this deadline and asking that his case be dismissed for failure to prosecute and failure to comply with orders of the Court.  The Court entered an Order that same day directing Plaintiff to respond to Defendant's Motion by December 3, 2025, and warning that "failure to timely and properly comply with this Order shall result in the dismissal of this action, pursuant to Local Rule 5.5(c)(2)."  (ECF No. 47).  The Court's

mailing of this Order to Plaintiff has not been returned as undeliverable, but Plaintiff has failed to provide any response to Defendant's Motion to Dismiss as directed.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II. CONCLUSION

Accordingly, it is RECOMMENDED that Defendant Alena Brown's Motion to Dismiss (ECF No. 45) be **GRANTED** and that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of January 2026.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE